| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| _____ District of _____ (State) |
| Case number (*If known*): _____ Chapter _____ |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  _____

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names
   _____
   _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)   47-5538730

4. **Debtor's address**

   **Principal place of business**

   _____
   Number     Street

   _____

   _____
   City                                 State      ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number     Street

   _____
   P.O. Box

   _____
   City                                 State      ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number     Street

   _____

   _____
   City                                 State      ZIP Code

5. **Debtor's website** (URL)   _____

Debtor _____     Case number (*if known*)_____
       *Name*

| | | |
|---|---|---|
| 6. | **Type of debtor** | ❑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ❑ Partnership (excluding LLP) <br> ❑ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:* <br><br> ❑ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ❑ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ❑ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ❑ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ❑ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ❑ None of the above <br><br> B. *Check all that apply:* <br><br> ❑ Tax-exempt entity (as described in 26 U.S.C. § 501) <br> ❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br> ❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br> C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br><br>   5417 __ __ |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** <br><br> A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:* <br><br> ❑ Chapter 7 <br> ❑ Chapter 9 <br> ❑ Chapter 11. *Check **all** that apply*: <br><br>   ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br><br>   ❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br><br>   ❑ A plan is being filed with this petition. <br><br>   ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br><br>   ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br><br>   ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br><br> ❑ Chapter 12 |

Debtor _____    Case number *(if known)*_____
       Name

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** <br> If more than 2 cases, attach a separate list. | ❏ No <br> ❏ Yes.  District _____ When _____ Case number _____ <br>                                       MM / DD / YYYY <br>         District _____ When _____ Case number _____ <br>                                       MM / DD / YYYY |
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br> List all cases. If more than 1, attach a separate list. | ❏ No <br> ❏ Yes.  Debtor _____ Relationship _____ <br>         District _____ When _____ <br>                                                                         MM / DD / YYYY <br>         Case number, if known _____ |
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:* <br> ❏ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. <br> ❏ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ❏ No <br> ❏ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. <br>     **Why does the property need immediate attention?** (*Check all that apply.*) <br>     ❏ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. <br>        What is the hazard? _____ <br>     ❏ It needs to be physically secured or protected from the weather. <br>     ❏ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). <br>     ❏ Other _____ <br><br>     **Where is the property?** _____ <br>                                          Number      Street <br>                           _____ <br>                          _____     _____ _____ <br>                          City                                          State  ZIP Code <br><br>     **Is the property insured?** <br>     ❏ No <br>     ❏ Yes. Insurance agency _____ <br>                Contact name _____ <br>                Phone _____ |

---

**Statistical and administrative information**

---

Debtor _____    Case number (*if known*)_____
        *Name*

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>❏ Funds will be available for distribution to unsecured creditors.<br>❏ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |
| **14. Estimated number of creditors** | ❏ 1-49<br>❏ 50-99<br>❏ 100-199<br>❏ 200-999 | ❏ 1,000-5,000<br>❏ 5,001-10,000<br>❏ 10,001-25,000 | ❏ 25,001-50,000<br>❏ 50,001-100,000<br>❏ More than 100,000 |
| **15. Estimated assets** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |
| **16. Estimated liabilities** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
           MM  / DD / YYYY

✗ _____*Claire Smith*_____         _____
  Signature of authorized representative of debtor     Printed name

Title _____

Debtor _____       Case number (if known)_____
          Name

**18. Signature of attorney**      ✘ _____/s/ Curtis S. Miller_____      Date _____
                                    Signature of attorney for debtor                  MM   / DD  / YYYY

_____
Printed name

_____
Firm name

_____
Number        Street

_____    _____  _____
City                                        State        ZIP Code

_____    _____
Contact phone                      Email address

_____    _____
Bar number                                  State

**Exhibit A to Voluntary Petition**

**Pending Bankruptcy Cases Filed by Affiliates of the Debtor**

Concurrently herewith, each of the affiliated entities listed below, including the Debtor filing this petition (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

| |
|---|
| Zymergen Inc. |
| Lodo Therapeutics Corporation |
| enEvolv, Inc. |
| Genesis Acquisition Sub, LLC |

# UNANIMOUS WRITTEN CONSENT OF THE
# BOARD OF DIRECTORS OF LODO THERAPEUTICS CORPORATION
## OCTOBER 2, 2023

The undersigned, all the members of the board of directors (the "**Board**") of Lodo Therapeutics Corporation, a Delaware corporation, (the "**Company**"), hereby waive all notice of the time, place and purposes of a meeting of the Board and consent to the following actions and adopt the following resolutions by written consent of the sole member of the Board in lieu of a meeting in accordance with the provisions of Section 141(f) of the General Corporation Law of the State of Delaware ("**DGCL**") and the Bylaws of the Company and hereby waive any and all notice which may be required by statute, the Bylaws or otherwise with respect to the actions taken herein or pursuant hereto.

**WHEREAS**, the Board has reviewed and considered, among other things, the financial and operational condition of the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board, following consultation with senior management of the Company and legal, financial, and other advisors, unanimously approved entry into, and performance under the transactions relating to the matters contemplated by the following resolutions;

**WHEREAS**, the Board has had the opportunity to consult with senior management of the Company and the legal, financial, and other advisors of the Company and fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding (the "Chapter 11 Case"), and has determined that, in its judgment, it is advisable and in the best interests of the Company, its creditors, equity holders, employees and other interested parties that the Company voluntarily file a petition (collectively, the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**NOW, THEREFORE**, **BE IT RESOLVED**, that the filing by the Company of the Petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") be, and hereby is, authorized, approved, confirmed and adopted in all respects; and it is further

**RESOLVED**, that any officer of the Company (each, an "Authorized Person"), in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, and under their corporate seals or otherwise, the Petitions and all schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, the "Chapter 11

Filings") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and it is further

**RESOLVED**, that any Authorized Person, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Company's Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and it is further

**RESOLVED**, that, with respect to the Company, any Authorized Person, any one of whom may act without the joinder of any of the others, is hereby authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including, but not limited to (i) the engagement or retention of such further accountants, counsel, consultants or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, consent payments, taxes and other expenses; all of the foregoing, as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, with all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and it is further

**RESOLVED**, that the Unanimous Written Consent to which these resolutions are attached may be executed in one or more counterparts, each of which shall constitute an original and all of which, when taken together, shall constitute one instrument and that any party receiving an executed copy, facsimile or other electronic transmission (such as .pdf) of these resolutions may rely thereon; and it is further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person or any director of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the Board of the Company has executed this consent as of the date first set forth above. This action by Unanimous Written Consent may be executed in one or more counterparts, each of which shall be

deemed an original and all of which shall constitute one instrument.

*/s/ Celeste Ferber*
Celeste Ferber
Date: October 3, 2023

*/s/ Claire Smith*
Claire Smith
Date: October 3, 2023

3

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: Zymergen Inc., et al. | |
| United States Bankruptcy Court for the: District of Delaware | |
| Case Number (If known): | ☐ Check if this is an amended filing |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMER CUTLER PICKERING HALE AND DORR LLP<br>ONE FRONT STREET, SUITE 3500<br>SAN FRANCISCO, CA  94111 | CONTACT: SUSAN MUCK<br>PHONE: 628-235-1028<br>SUSAN.MUCK@WILMERHALE.COM | LEGAL FEES | | | | $2,085,809.00 |
| 2 | BRE-BMR 5300 CHIRON LP<br>4570 EXECUTIVE DRIVE, SUITE 400<br>ATTN: LEGAL DEPARTMENT<br>SAN DIEGO, CA  92121 | CONTACT: MARIE LEWIS<br>LEGALREVIEW@BIOMEDREALTY.COM | LEASE | | | | $1,838,659.00 |
| 3 | DPR CONSTRUCTION<br>ATTN MIKE MARSTON<br>1450 VETERANS BLVD<br>REDWOOD CITY, CA  94063 | CONTACT: GEORGE PFEFFER<br>FAX: 6504741451<br>MIKEMA@DPR.COM | TRADE DEBT | U, D | | | $863,757.00 |
| 4 | MORGAN LEWIS & BOCKIUS, LLP<br>ONE MARKET, SPEAR STREET TOWER 28TH FL<br>SAN FRANCISCO, CA  94105-1596 | CONTACT: CHARLENE SHIMADA<br>PHONE: 415.442.1475<br>CHARLENE.SHIMADA@MORGANLEWIS.COM | LEGAL FEES | | | | $822,775.00 |
| 5 | MORRISON FOERSTER<br>425 MARKET STREET<br>SAN FRANCISCO, CA  94105-2482 | CONTACT: JINA CHOI<br>PHONE: (415) 268-6274<br>JCHOI@MOFO.COM | LEGAL FEES | | | | $435,795.00 |
| 6 | CORTEVA AGRISCIENCE<br>9330 ZIONSVILLE ROAD<br>ATTN: GENERAL PATENT COUNSEL<br>INDIANAPOLIS, IN  46268 | CONTACT: MARK PEDERSON<br>PHONE: 8332678382<br>LAURIE.YOSHIDA@CORTEVA.COM | TRADE DEBT | U, D | | | $209,016.00 |
| 7 | SB JAMES CONSTRUCTION CALIFORNIA INC.<br>1450 HALYARD DRIVE<br>WEST SACRAMENTO, CA  95691 | CONTACT: SHAILESH NIGAM<br>PHONE: 9162908618<br>SILASNIGAM@SBJAMES.COM | TRADE DEBT | | | | $193,463.00 |

Debtor: Zymergen Inc., et al.                                                                 Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | GREENLIGHT BIOSCIENCES INC 200 BOSTON AVE., SUITE 1000 MEDFORD, MA 02155 | CONTACT: ANDREY J ZARUR, PHD PHONE: 16176168188 CONTACT@GREENLIGHTBIOSCIENCES.COM | TRADE DEBT | C | | | $171,530.00 |
| 9 | ARE-EAST RIVER SCIENCE PARK, LLC 26 NORTH EUCLID AVENUE, PASADENA, CA 91101 | CONTACT: JOEL S MARCUS PHONE: 6265780777 CORPORATEINFORMATION@ARE.COM | LEASE | | | | $156,488.00 |
| 10 | EHRLICH & CRAIG LLP 803 HEARST AVENUE BERKELEY, CA 94710 | CONTACT: MILES EHRILCH PHONE: (510) 548-3600 MILES@EHRLICH-CRAIG.COM | LEGAL FEES | | | | $69,474.00 |
| 11 | SOLVAY USA INC. 504 CARNEGIE CENTER ATTN: GENERAL COUNSEL PRINCETON, NJ 08540 | CONTACT: MITCHELL STIER PHONE: 6098604000 FAX: 6098602250 MITCHELL.STIER-EXT@SOLVAY.COM; THOMAS.CANOVA@SOLVAY.COM | TRADE DEBT | C | | | $65,000.00 |
| 12 | MSR MECHANICAL LLC 4501 CALIFORNIA COURT BENICIA, CA 94510 | CONTACT: JASON PERRY PHONE: 9256812797 JLAMB@MSRMECH.COM | TRADE DEBT | | | | $60,267.35 |
| 13 | JUSTWORKS 55 WATER STREET, FLOOR 29 ATTN: ALI WAHLIN NEW YORK, NY 10041 | CONTACT: MICHAEL SECKLER PHONE: 8885341711 MSECKLER@JUST.WORKS.COM | TRADE DEBT | C, U, D | | | $57,113.76 |
| 14 | LINDE GAS & EQUIPMENT INC. DEPT LA 21511 PASADENA, CA 91185-1511 | CONTACT: GENERAL COUNSEL PHONE: 184454633 FAX: 18007729985 CONTACTUS@LINDE.COM | TRADE DEBT | D | | | $27,347.82 |
| 15 | DOME CONSTRUCTION CORPORATION 393 E GRAND AVE SOUTH SAN FRANCISCO, CA 94080 | CONTACT: GENERAL COUNSEL PHONE: 6504165600 FAX: 6504165602 CONTACTUS@DOMEBUILDS.COM | TRADE DEBT | U, D | | | $24,246.00 |
| 16 | CALIFORNIA COMPRESSION, LLC 4659 LAS POSITAS RD LIVERMORE, CA 94551 | CONTACT: GENERAL COUNSEL PHONE: 9256679017 JIM@CALCOMPRESSION.NET | TRADE DEBT | | | | $24,118.92 |
| 17 | HANGZHOU KEYING CHEM CO., LTD JINTONG INTERNATIONAL BUILDING, NO 113 HUAYUANGANG STREET, GONG SHU DISTRICT HANGZHOU 310015 CHINA | CONTACT: BOB HAN PHONE: 8657185378921 FAX: 8657185378913 DYINFO@DYCNCHEM.COM | TRADE DEBT | | | | $20,320.00 |
| 18 | TERRACON CONSULTANTS, INC. 10841 S. RIDGEVIEW ROAD OLATHE, KS 66061 | CONTACT: STEPHANIE PRICE PHONE: 9135996886 ELPRICE@TERRACON.COM | TRADE DEBT | | | | $20,162.00 |

Debtor: Zymergen Inc., et al.          Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | ARAMARK UNIFORM & CAREER APPAREL, LLC. 115 NORTH FIRST STREET BURBANK, CA 91502 | CONTACT: DEBBIE ALBERT PHONE: 2152383634 ALBERT-DEBBIE@ARAMARK.COM | TRADE DEBT | D | | | $16,785.19 |
| 20 | AGILENT TECHNOLOGIES INC ATTN LEGAL DEPT 5301 STEVENS CREEK BLVD SANTA CLARA, CA 95051 | CONTACT: BILL SULLIVAN PHONE: 4083458886 LSCACONTRACTS@AGILENT.COM | TRADE DEBT | | | | $15,702.68 |
| 21 | CHARLES RIVER LABORATORIES GPO BOX 27812 NEW YORK, NY 10087-7812 | CONTACT: JEFFREY HUNG PHONE: 7812226000 JHUNG@VIGENEBIO.COM | TRADE DEBT | | | | $15,633.00 |
| 22 | DENS FACILITIES SERVICES INC. 405 S. KIMBALL AVENUE SOUTHLAKE, TX 76092 | CONTACT: GENERAL COUNSEL INFO@DENSFS.COM | TRADE DEBT | C, U | | | $15,000.00 |
| 23 | VERSA ENGINEERING & TECHNOLOGY INC ATTN EXEC VP 1320 WILLOW PASS RD, STE 500 CONCORD, CA 94520 | CONTACT: FRED FONG PHONE: 9254054505 FAX: 9258874474 CONTACT@VERSAET.COM | TRADE DEBT | C, U | | | $14,000.00 |
| 24 | SCHINDLER ELEVATOR CORPORATION 20 WHIPPANY ROAD MORRISTOWN, NJ 07960 | CONTACT: SILVIO NAPOLI PHONE: 9733976500 MICHELLE.LINK@SCHINDLER.COM | TRADE DEBT | | | | $13,239.63 |
| 25 | VATIT USA INC. DBA TECEX 1206 LASKIN RD VIRGINIA BEACH, VA 23451 | CONTACT: GENERAL COUNSEL PHONE: 7574374333 FRANCISCOM@TECEX.COM; OLIVERN@TECEX.COM | TRADE DEBT | | | | $11,281.18 |
| 26 | VISTRA 31ST JAMES AVE BOSTON, MA 02116 | CONTACT: JIM BURKE INVESTOR@VISTRACORP.COM | TRADE DEBT | D | | | $11,271.08 |
| 27 | COOLEY LLP 3175 HANOVER STREET PALO ALTO, CA 94304-1130 | CONTACT: SHANNON EAGAN PHONE: 650 843 5909 SEAGAN@COOLEY.COM | LEGAL FEES | | | | $5,195.00 |
| 28 | CONIFER POINT PHARMACEUTICALS LLC 3805 OLD EASTON ROAD ATTN: JOHN L. KULP III DOYLESTOWN, PA 18902 | CONTACT: JOHN KULP PHONE: 2155896367 JOHN.KULP@CONIFERPOINT.COM | TRADE DEBT | C, U | | | $5,000.00 |
| 29 | THERMA HOLDINGS LLC 1601 LAS PLUMAS AVE SAN JOSE, CA 95133 | CONTACT: MIKE FISHER PHONE: 4083473400 BCORCORAN@THERMA.COM | TRADE DEBT | | | | $4,792.00 |
| 30 | PLATO HQ 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808 | CONTACT: GENERAL COUNSEL HELLO@PLATOHQ.COM | TRADE DEBT | | | | $4,776.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>**ZYMERGEN INC.**, et al.<br><br>Debtors.[1] | Chapter 11<br><br>Case No. __-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY INTEREST
HOLDERS PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession, to the best of its knowledge, information, and belief, hereby states as follows:

Zymergen Inc. is 100% owned by Ginkgo Bioworks Holdings, Inc., whose address is 27 Drydock Avenue, 8th Floor, Boston, Massachusetts. Lodo Therapeutics Corporation, enEvolv, Inc., and Genesis Acquisition Sub, LLC are each 100% owned by Zymergen Inc., whose address is 1440 Stanford Avenue, Emeryville, California 94608.

---

[1] The Debtors in these chapter 11 cases, along with the Debtors' federal tax identification numbers, are Zymergen Inc. (2439), Lodo Therapeutics Corporation (8730), enEvolv, Inc. (2402), and Genesis Acquisition Sub, LLC (3640). The corporate headquarters and the mailing address for the Debtors is 1440 Stanford Ave., Emeryville, California 94608.

**Fill in this information to identify the case and this filing:**

Debtor Name __Lodo Therapeutics Corporation_____

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                                                                  (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement and List of Equity Interest Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __10/03/2023__      ✗ __/s/ Claire Smith_____
           MM / DD / YYYY                      Signature of individual signing on behalf of debtor

                                                 Claire Smith
                                                 Printed name

                                                 Senior Vice President of Finance
                                                 Position or relationship to debtor

Official Form 202                     **Declaration Under Penalty of Perjury for Non-Individual Debtors**